**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-460-FDW**

| | |
|---|---|
| EDDRICCO L. BROWN-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ERIK A. HOOKS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). The Court further notes that on August 21, 2018, the Court sent Plaintiff a deficiency notice, notifying him that he must either pay the full filing fee or submit an in forma pauperis application in this matter. Plaintiff has not responded to the Court's order, and the time to do so has passed. For the following reasons, the Court will dismiss this action on initial review as frivolous.

**I.     BACKGROUND**

Pro se Plaintiff Edricco Brown-Bey, currently incarcerated at Bertie Correctional Institution after being convicted as a habitual felon in both Gaston County and Mitchell County, North Carolina, filed this action on August 20, 2018, pursuant to 42 U.S.C. § 1983, and numerous other federal statutes and treaties.[1] Plaintiff has named various individuals and entities as Defendants. Plaintiff declares that he is an "Aboriginal Cherokee Moor," that he is therefore not subject to the laws of the United States or of any State, and that his convictions in Gaston

---

[1] Plaintiff filed an almost identical action in this Court on January 22, 2018, and that action was dismissed as frivolous on January 26, 2018. See Brown v. Hooks, 1:18-cv-15 (W.D.N.C.).

County and Mitchell County are therefore illegal and constitute "hostage taking." As relief, Plaintiff seeks immediate release from state custody, as well as $50 million in compensatory damages.

## II.  STANDARD OF REVIEW

The Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff's Complaint is wholly frivolous. Plaintiff contends that he is not subject to the laws of the United States or of the individual States by virtue of his membership as an "Aboriginal Cherokee Moor" and that his current conviction is illegal. The path of the Moorish

National Movement is well-trodden. Over and over again, courts have rejected arguments such as Plaintiff's by individuals who claim to be a part of this movement. <u>Hampton v. City of Durham</u>, No. 1:10cv706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases). In sum, Plaintiff's Complaint is dismissed as frivolous.

### IV. CONCLUSION

Plaintiff's Complaint is a frivolous filing and will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** as frivolous.

3. The Clerk is directed to terminate this case.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge